be void as to both. Whelan v. Whelan, 3 Cow. 537; Hunt v. Bass, 2 Dev. Eq. 292; Huguenin v. Baseley, 14 Ves. 273; Townsend v. Harwell, 18 Ala. 301. Although they had no notice or knowledge of the fraud contemplated by Prewett, yet the fact that the grantee, under whom their rights are claimed, not only had notice of the fraud, but was a beneficiary under the fraudulent deed, avoids the instrument as to the beneficiary as well as to the grantee.

The result of these views is, that the marriage settlement made by Richard upon Josephine Prewett, must be declared void for all purposes, and the property conveyed thereby turned over to the assignee in bankruptcy for administration.

[On appeal to the supreme court, the decree of this court was reversed, and the cause remanded, with directions to dismiss the bill. 103 U. S. 22.]

WILSON (RAHILLY v.). See Cases Nos. 11,531 and 11,532.

## Case No. 17,829.
### WILSON v. RAILROAD CO.
[See Case No. 17,856.]

WILSON (RAMSAY v.). See Case No. 11,545.

## Case No. 17,830.
### WILSON v. ROBERTSON.
[Brun. Col. Cas. 109; 1 Overt. 464.]

Circuit Court, D. Tennessee. 1809.

CONTRACT TO CONVEY LAND—DAMAGES FOR BREACH.

The measure of damages in an action for breach of a covenant to convey lands, the title to which was not in the defendant, is the value of the lands at the time of judgment.

The defendant had given an obligation to make Clark a deed in fee simple, to six hundred and forty acres of land, his choice out of two thousand acres on the waters of Stone's river, to join some corner of the tract. The bond was given about twenty years ago, and the title was to be made so soon as grants should issue. It did not appear that the defendant had any such land on the waters of Stone's river. The only question was as to the measure of damages: whether it should be the value of the land at the time the bond was given, when grants were obtained, or at this time. The jury found a special verdict. That neither at the time of the contract, when grants issued, nor at any time since, has the defendant had such land as the bond calls for. That such land at the time the bond was given, and when grants should have issued, was worth, with the interest thereupon, $340, and at this time $1040.

Overton, for defendant, said he was prepared with authorities to show that judgment ought to pass for the lesser sum. The special verdict does not find fraud, and the court cannot presume it  See 3 Johns. 281; 1 Johns. 551; 1 Caines, 379; 7 Johns. 605. If fraud had been found by the verdict it would not be contended that the larger sum ought not to be the measure of damages.

PER CURIAM. The jury have found that the defendant had not the land he contracted to convey; in contemplation of law it was therefore a fraud. If the defendant had such land as he has attempted to prove (though he had not a legal title to it), if he offered to show land, to which he was entitled by contract for locating, by showing this he may perhaps have relief in equity; but, it having been found by the jury that he had no title, there must be judgment for the value of the land as it was estimated at this time. See 2 Hayw. 334, 336 366; [Simms v. Slacum] 3 Cranch [7 U. S.] 300; 1 Johns. 223; 2 Burrows, 1110; Bull. N. P. 132; 2 Call, 95; 3 Caines, 221; 4 Mass. 109; Hardin, 41; Add. 23; [State of New York v. State of Connecticut] 4 Dall. [4 U. S.] 5; [Williamson v. Kincaid] Id. 20; 3 Call, 326.

## Case No. 17,831.
### WILSON et ux. v. ROSE.
[3 Cranch, C. C. 371.] [1]

Circuit Court, District of Columbia. Dec. Term, 1828.

DECEDENT'S ESTATE— DEBT DUE BY EXECUTOR — INCLUSION IN LIST OF DEBTS—RUNNING OF LIMITATIONS.

1. If a debt by an executor to his testator be not barred by the statute of limitations at the time of the death of the testator, the executor is bound to give in the claim in the list of debts; and the statute of limitations ceases to run in favor of the debtor from the time of his accepting the trust as executor.

2. The right of a person interested in the administration to proceed in the orphans' court, according to the Maryland statute of 1798, c. 101, subc. 8, § 20, against an executor who neglects to give in a claim against himself, accrues upon the death of the testator; and from that time only, the limitation of twelve years begins to run, if it runs at all in such a case.

3. If an executor fails to give in a claim against himself, his administration-bond is liable to be put in suit.

This was a proceeding by petition in the orphans' court under the testamentary law of Maryland of 1798, c. 101, subc. 8, § 20, by James C. Wilson and Ann his wife, who was one of the distributees, or legatees, of the estate of Thomas B. Beall, against John Rose, one of the executors of that estate, charging him with neglecting to give in a claim against himself in the list of debts due to his testator.

The orphans' court, under the provisions of

---

1 [Reported by Albert Brunner, Esq., and here reprinted by permission.]

1 [Reported by Hon. William Cranch, Chief Judge.]